IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH SPARKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE BANK OF NEW YORK MELLON | § | CIVIL ACTION NO. H-14-813 |
| as Trustee for the Certificate- | § | |
| holders of the CWABS, Inc., | § | |
| Asset-Backed Certificates, | § | |
| Series 2004-8, f/k/a THE BANK | § | |
| OF NEW YORK, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING REMAND

Pending is Plaintiff Keith Sparks' ("Plaintiff") Motion to Remand (Document No. 3). After carefully considering the motion, response, and the applicable law, the Court concludes for the reasons that follow that the motion should be denied.

Defendant The Bank of New York Mellon as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-8, f/k/a The Bank of New York ("Defendant") sought to foreclose on Plaintiff's home under Texas Rule of Civil Procedure 736, which provides an expedited foreclosure process. Plaintiff filed a separate suit against Defendant in state court on December 2, 2013, to prevent the foreclosure sale scheduled for the following day.

On March 28, 2014, Defendant removed Plaintiff's case based on the parties' diversity of citizenship. Plaintiff moves to remand, arguing (1) that because Defendant initiated an earlier foreclosure proceeding, Plaintiff's newly filed suit is a "quasi-counterclaim" and Defendant should properly be considered a plaintiff with no right to remove, and (2) that Defendant's removal was time-barred under 28 U.S.C. § 1446.

Title 28 U.S.C. § 1441 provides for removal by defendants of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When a party voluntarily enters state court litigation as a plaintiff, the subsequent filing of a counterclaim against it does not allow that party to invoke the right of removal conferred only on true defendants. In re Crystal Power Co., Ltd., 641 F.3d 82, 86 (5th Cir. 2011) (citing Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868, 871-972 (1941)).

Plaintiff did not file a counterclaim to Defendant's suit but rather, filed an Original Petition in a new case to stay Defendant's Rule 736 foreclosure proceeding, relying on Rule 736.11(a), which provides that "[a] proceeding or order under this rule is automatically stayed if a respondent files *a separate, original proceeding* in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be

2

foreclosed . . . ." TEX. R. CIV. P. 736.11(a) (emphasis added). Accordingly, Plaintiff's contention that his Original Petition is not a separate action but rather a "quasi-counterclaim" under Rule 736.11--and that Defendant is therefore not a true defendant--is without merit.

Title 28 U.S.C. § 1446(b) provides that notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or within 30 days after the service of summons, whichever period is shorter. The Supreme Court has construed this statute to require formal process sufficient to bring a defendant "under a court's authority." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 119 S. Ct. 1322, 1325 (1999). Hence, a defendant's "mere receipt of the complaint unattended by any formal service" does not trigger a defendant's time to remove. Id. Here, Plaintiff did nothing more than email to Defendant a file-stamped first page of his Original Petition, which was wholly insufficient to bring Defendant under the state court's authority. Because Plaintiff did not make the requisite service of process on Defendant more than 30 days before Defendant removed the case, Defendant's removal was timely.

Based on the foregoing, it is

ORDERED that Plaintiff Keith Sparks' Motion to Remand (Document No. 3) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 30TH day of May, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE